FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES H. COLL, DOLORES | § | |
| McCALL, MARGARET ASCHER, | § | |
| BEACH PARTNERSHIP, LTD., | § | |
| HERIBERTO F. LONGORIA, JR. | § | CIVIL ACTION |
| MARK BEATTY dba COBRA | § | NO. 2:08-CV-345 (TJW) |
| PETROLEUM COMPANY, and | § | |
| DAVID L. KUNDYSEK dba | § | |
| SOUTHWEST PETROLEUM COMPANY, | § | |
|     Plaintiffs, | § | |
| | § | **MOTION TO DISMISS** |
| | § | |
| VS | § | |
| | § | |
| | § | |
| ABACO OPERATING, LLC, ET AL. | § | |
| | § | |
|     Defendants. | § | |

## DEFENDANT EL MEDICINE BOW ENERGY CORPORATION'S MOTION TO DISMISS FOR IMPROPER VENUE, SUBJECT TO ITS MOTION TO SEVER

Subject to its motion to sever, and in conjunction with its Motion to Dismiss for Failure to State a Claim and its Motion to Transfer Venue,[1] Defendant Medicine Bow Energy Corporation now known as El Paso Exploration & Production Company ("El Paso Exploration") files this motion to dismiss Plaintiffs' suit for improper venue, as authorized by Federal Rule of Civil Procedure 12(b)(3), and shows the Court as follows:

### A. Introduction

Plaintiffs have sued Medicine Bow Energy Corporation, along with 116 other defendants in the Eastern District of Texas, Marshall Division. They are asking the Court to certify a class including "royalty owners under oil and gas leases owned and/or

---

[1] Defendant has joined in with other defendants in filing the motions to sever, dismiss for failure to state a claim, and transfer venue.

operated by Defendants, as well as non-operating working interest owners." *See* First Amended Complaint ("FAC"), Docket No. 118, at ¶ 142.

Venue is improper as to Medicine Bow Energy Corporation in the Eastern District; therefore, the Court should dismiss this suit.

## B. Argument

If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection. 28 U.S.C. § 1406(a). The Court should dismiss this case because a substantial portion of Plaintiffs' claim against Medicine Bow Energy Corporation, if any, did not occur in the Eastern District of Texas. *See* 28 U.S.C. § 1391. "In determining whether or not venue is proper, the Court looks to the defendant's conduct, and where that conduct took place." *Bigham v. Envirocare of Utah, Inc.*, 123 F.Supp.2d 1046 (S.D. Tex. 2000) (citing *Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir.1995).

Medicine Bow Energy Corporation was merged with El Paso Exploration & Production Company ("El Paso Exploration") effective June 30, 2006, with El Paso Exploration being the surviving company. *See* Affidavit of Kenneth A. Veasley, attached as Exhibit A, at ¶ 1. El Paso Exploration is a holding company for operating companies and does not itself operate oil or gas wells. *Id.* El Paso Exploration's principle place of business is in Houston, Texas. *Id.* at ¶ 2. El Paso Exploration does not produce <u>any</u> oil or gas in the Eastern District. *Id.* at 7.

El Paso Production, through its predecessor in interest, Medicine Bow Energy Corporation, received a single severance tax refund for severance taxes paid for oil and gas production in Texas in the four years prior to when this lawsuit was filed on

December 18, 2008.  *Id.* at ¶ 3.  All of El Paso Exploration's actions and managerial decisions regarding severance tax refund applications and accounting for the refunds of severance taxes to royalty owners and working interest owners have occurred at El Paso Exploration's offices in Denver, Colorado.  *Id.*  No part of El Paso Exploration's severance tax refund application and accounting process has occurred in the Eastern District of Texas.  *Id.*

For the named Plaintiffs in this suit, El Paso Exploration has made no royalty or working interest payments.  *Id.* at ¶ 6.

As such, venue is not proper in the Eastern District as to El Paso Exploration.

### C. Prayer

Defendant El Paso Exploration requests that the Court dismiss this claim for improper venue under Rule 12(b)(3), and for such other relief to which it might be entitled.

Respectfully submitted,

By:    /s/ D. Mitchell McFarland
       D. Mitchell McFarland
       mitch.mcfarland@harrisonbettis.com
       State Bar No. 13597700
       **HARRISON, BETTIS, STAFF,**
       **MCFARLAND & WEEMS, L.L.P.**
       Wedge International Tower
       1415 Louisiana, 37th Floor
       Houston, Texas 77002
       Telephone:  (713) 843-7900
       Facsimile:  (713) 843-7901

       **ATTORNEYS FOR DEFENDANTS**
       **CORONADO ENERGY E & P COMPANY, EL**
       **PASO E & P COMPANY, L.P., EL PASO E & P**
       **ZAPATA, L.P., EL PASO EXPLORATION &**
       **PRODUCTION MANAGEMENT, INC., EL**
       **PASO MERCHANT ENERGY-PETROLEUM**
       **COMPANY, MEDICINE BOW ENERGY**

**CORPORATION, and MEDICINE BOW
OPERATING COMPANY**

OF COUNSEL:

**EL PASO CORPORATION**
Thomas M. Malone
Tomasz J. Sikora
1001 Louisiana Street
Houston, Texas 77002
Telephone (713) 420-7178
Fax (713) 420-6060

**HARRISON, BETTIS, STAFF,
MCFARLAND & WEEMS, LLP**
Carrie Schadle
State Bar No. 24051618
Wedge International Tower
1415 Louisiana, 37th Floor
Houston, Texas 77002
Telephone (713) 843-7900
Fax (713) 843-7901

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court on February 27, 2009 via its ECF filing system, which will send notification of such filing to all counsel of record who have appeared in this action.


_____/s/ D. Mitchell McFarland_____
D. Mitchell McFarland