# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES H. COLL, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CASE NO. 2:08-CV-345 (TJW) |
| | § | |
| ABACO OPERATING LLC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion to sever Plaintiffs' claims against each individual defendant into separate actions. (*See* Dkt. No. 326.) After considering the parties' filings and the applicable law, the court Orders that the motion be DENIED for the following reasons.

## I. BACKGROUND

Plaintiffs bring this action as a class action lawsuit and allege contract, fiduciary duty, equitable and declaratory judgment and injunctive relief claims against 117 separate defendants. Plaintiffs allege that they are royalty and working interest holders who receive revenues from the Defendants' production of oil and natural gas. Plaintiffs believe that there may be tens of thousands of oil and gas interest owners that are members of the putative class. Defendants are in the oil and gas industry and Defendants' basic relationships to the Plaintiffs appear to be the same. Some defendants are large corporations that deal with thousands of different royalty and working interest holders and employ their own tax and accounting personnel, while other defendants are small companies with production on one or two properties in Texas or New Mexico and with only a handful of royalty and interest holders. Still other defendants are first

purchasers of production from oil and gas wells.  The vast majority of defendants are located in the State of Texas, including numerous defendants located in the Eastern District of Texas.

The Plaintiffs allege that all of the Defendants have failed to comply with the applicable tax code refund law resulting in the failure to pay severance tax refunds to which Plaintiffs are entitled, and cite numerous Tax Code statues that may have been violated.  Specifically, as to severance tax refunds, Plaintiffs allege that none of the Defendants are complying with the front-end payment requirement of Tex. Tax Code § 111.104(f).  Plaintiffs allege that the main issue to be resolved in this lawsuit is whether Defendants are legally obligated to return the money of royalty and non-working interest owners.

## II. LEGAL STANDARD

"Under Rules 20 and 21, the district court has discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).  Federal Rule of Civil Procedure 21 governs misjoinder of parties and allows misjoined parties to be dropped on the motion of any party or the court and allows the court to sever any claims against a party.  FED. R. CIV. P. 21.  In determining whether parties are misjoined, the joinder standards of Federal Rule of Civil Procedure 20 apply.  With regard to joining plaintiffs, Rule 20(a)(1) states that

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1).  With regard to joining defendants, Rule 20(a)(2) states that

> Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(2).

The district courts in the Fifth Circuit have used the "logical relationship" analysis in determining whether the factual situation constitutes a transaction, occurrence, or series of transactions or occurrences for purposes of Rule 20. *Hanley v. First Investors Corp.*, 151 F.R.D. 76 (E.D. Tex. 1993); *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004); *Great American Ins. Co. v. McElwee Bothers, Inc.*, 2004 WL 574749 (E.D. La. 2004); *Wade v. Minyards Food Stores*, 2003 WL 22718445 (N.D. Tex. 2003); *Weber v. Lockhhed Martin Corp.*, 2001 WL 274518 (E.D. La. 2001); *David v. M&E Food Mart, Inc.*, 1995 WL 55306 (E.D. Tex. 1995). This test has been described as follows:

> The first prong of Rule 20(a) necessarily entails a "logical relationship" definition for "series of transactions or occurrences." Parsing the language of the rule, the first prong is met if there is a common right to relief respecting or arising out of a "series of transactions or occurrences." For the case at bar, the crux of the issue is the definition of "series." Imagine a number of "transactions or occurrences" spread out through time and place. They are not directly continuous, or else they would constitute one transaction, or occurrence rather than a number of them. What would make them a "series?" The answer is some connection or logical relationship between the various transactions or occurrences. The thing which makes the relationship "logical" is some nucleus of operative facts or law–the second prong of the 20(a) test. If the phrase "series" is to have any real meaning whatsoever, it necessarily must entail some "logical relationship" between the specific transactions or occurrences. Thus, Rule 20 itself contemplates a "logical relationship" definition.

*Hanley*, 151 F.R.D. at 79 (footnotes omitted).

### III. DISCUSSION

Defendants argue that the 117 defendants in this case are misjoined as a matter of law and that severance is necessary to avoid prejudice to the Defendants. Defendants argue that Plaintiffs have not asserted any claim against Defendants jointly, severally, or in the alternative. Further, Defendants argue that Plaintiffs' claims against the 117 defendants do not arise from the same transaction, occurrence, or series thereof, but from separate and distinct transactions between

each defendant and its royalty and working interest owners. Defendants also argue that the "logical relationship" is not applicable in these circumstances. Thus, Defendants argue that Plaintiffs' claims do not satisfy the requirements of Rule 20(a)(2) and that the claims against each defendant must be severed into separate actions. Defendants further argue that severance is especially appropriate in this case for three reasons: (1) any attempt to proceed against all defendants in a single proceeding would be unmanageable and inefficient; (2) any attempt to try plaintiffs' claims against 117 defendants together in a single trial would severely prejudice each defendant; and (3) to facilitate transfer of plaintiffs' cases against individual defendants for whom the Eastern District of Texas is an inappropriate or inconvenient forum.

Plaintiffs argue that the case is based upon a single, uniform allegation that Defendants have failed to pay severance tax refunds to which Plaintiffs are entitled. Plaintiffs argue that a substantial part of this case is the resolution of common legal questions and that none of the legal issues or related claims require unique or individualized proof to establish liability. Plaintiffs argue that the operative facts of each Plaintiff's claim against each Defendant are logically related, and that Defendants are in a common position with regard to severance tax payments and refunds. Plaintiffs argue that these claims should be resolved in a single lawsuit. Plaintiffs further argue that they should not be severed into more than 100 separate lawsuits, and then sent to numerous federal districts around Texas and beyond to resolve common legal questions and facts that are logically related.

Plaintiffs argue that Defendants are properly joined under Rule 20(a)(2) and that Defendants are not prejudiced by having this court resolve the core legal issues through declaratory or injunctive relief. Plaintiffs argue that the Defendants do not dispute that the second requirement of Rule 20(a)(2) is met because there are common questions of law as to all

defendants in this action. Plaintiffs also argue that the first requirement is met under the "logical relationship" test adopted in this District in that there is a nucleus of operative facts and law in this case. Thus, Plaintiffs argue that the test for the same transaction or occurrence has been satisfied under Rule 20 and Plaintiffs' claims comply not only with the standard set forth by this District but also with the purpose of Rule 20. Further, Plaintiffs argue that a single court can efficiently and competently resolve the bulk of the issues in this case, specifically all the common legal issues, and such resolution is not unmanageable, inefficient, or prejudicial as the Defendants so allege.

The court is not persuaded by Defendants' arguments. There is no dispute that questions of law common to all defendants will arise in this case. Further, it appears clear that a substantial part of this case is the resolution of common legal questions applicable to all Defendants. The court finds that a nucleus of operative facts or law exists as to each of Plaintiff's claim against each Defendant to satisfy the "logical relationship" test of this District for proper joinder. *See Hanley*, 151 F.R.D. at 79; *MyMail*, 223 F.R.D. at 456-57. Thus, the court finds that the Defendants have been properly joined under Rule 20.

## IV. CONCLUSION

As stated, the court finds that the Defendants have been properly joined under Rule 20 and DENIES this Motion to sever.

SIGNED this 1st day of September, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE