UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES H. COLL, *et al.*, | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 2:08-CV-345 (TJW) |
| ABACO OPERATING LLC., *et al.*, | § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are sixteen different Motions to Transfer Venue or Motions to Dismiss for Improper Venue filed by individual defendants or groups of defendants (collectively "Defendants") in this case. (*See* Dkt. Nos. 240, 293, 294, 297, 300, 303, 304, 305, 306, 311, 325, 328, 330, 333, 334, 379.) Plaintiffs oppose these motions. After carefully considering the facts presented and the applicable law, the Court DENIES all of these motions for the following reasons.

**I.    BACKGROUND**

Plaintiffs bring this action as a class action lawsuit and allege contract, fiduciary duty, equitable and declaratory judgment and injunctive relief claims against 117 separate defendants. Plaintiffs allege that they are royalty and working interest holders who receive revenues from the Defendants' production of oil and natural gas. The named Plaintiffs reside in the Northern District of Texas, the Western District of Texas, the Southern District of Texas, and districts outside of Texas. Although none of the named Plaintiffs are located in the Eastern District of Texas, the putative class, if certified, will likely have a substantial number of individuals residing

in the Eastern District of Texas. Plaintiffs believe that there may be tens of thousands of oil and gas interest owners that are members of the putative class. Defendants are in the oil and gas industry and Defendants' basic relationships to the Plaintiffs appear to be the same. Some defendants are large corporations that deal with thousands of different royalty and working interest holders and employ their own tax and accounting personnel, while other defendants are small companies with production on one or two properties in Texas or New Mexico and with only a handful of royalty and interest holders. Still other defendants are first purchasers of production from oil and gas wells. The vast majority of defendants are located in the State of Texas, including various defendants located in the Eastern District of Texas.

The Plaintiffs allege that all of the Defendants have failed to comply with the applicable tax code refund law resulting in the failure to pay severance tax refunds to which Plaintiffs are entitled and cite numerous tax code statues that may have been violated. Specifically, as to severance tax refunds, Plaintiffs allege that none of the Defendants are complying with the front-end payment requirement of Tex. Tax Code § 111.104(f). Plaintiffs allege that the main issue to be resolved in this lawsuit is whether Defendants are legally obligated to return the money of royalty and non-working interest owners.

Before the Court are sixteen different Motions to Transfer Venue or Motions to Dismiss for Improper Venue filed by individual defendants or groups of defendants in this case. (*See* Dkt. Nos. 240, 293, 294, 297, 300, 303, 304, 305, 306, 311, 325, 328, 330, 333, 334, 379.) Seven of these motions move to dismiss because of improper venue and nine of these motions move to transfer venue.

In Dkt. No. 240, defendant Royal Production Company, Inc. moves to transfer venue to the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 293, defendant Range Production Company moves to transfer venue to the Northern District of Texas, Fort Worth Division pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 294, defendants BRG Petroleum Corporation, Chaparral Energy LLC, Devon Energy Production Company LP, Devon Gas Services LP, Devon Louisiana Corporation n/k/a Devon Production Company LP, and SandRidge Exploration and Production LLC move to transfer venue to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 297, defendant El Paso Exploration & Production, Inc. moves to dismiss Plaintiffs' suit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

In Dkt. No. 300, defendant El Paso E&P Zapata, L.P. moves to dismiss Plaintiffs' suit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

In Dkt. No. 303, defendant El Paso Merchant Energy-Petroleum Company moves to dismiss Plaintiffs' suit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

In Dkt. No. 304, defendant Medicine Bow Energy Corporation n/k/a El Paso Exploration & Production Company moves to dismiss Plaintiffs' suit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

In Dkt. No. 305, defendant Aubris Resources, L.P. moves to dismiss Plaintiffs' suit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

In Dkt. No. 306, defendants Pioneer Natural Resources USA, Inc. and Wagner & Brown, Ltd. move to transfer venue to the Western District of Texas, Midland Division pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 311, defendants Camden Resources, LLC, Camden Oil & Gas, Inc., Encore Operating L.P., Hunt Oil Company, and TXP, Inc. move to transfer venue to the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 325, forty-three (43) defendants move to transfer venue to the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 328, defendant Dan A. Hughes Company, L.P. moves to dismiss Plaintiffs' suit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer venue to the Southern District of Texas, Corpus Christi Division pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 330, defendant Dan A. Hughes Company, L.P. moves to transfer venue to the Southern District of Texas, Corpus Christi Division pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 333, defendant Abraxas Petroleum Corporation moves to dismiss Plaintiffs' suit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer venue to the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 334, defendant Abraxas Petroleum Corporation moves to transfer venue to the Western District of Texas, San Antonio Division pursuant to 28 U.S.C. § 1404(a).

In Dkt. No. 379, defendants Total E&P USA, Inc., Total Petrochemicals USA, Inc., and Total Gas & Power North America, Inc. move to transfer venue to the Southern District of Texas, Houston division pursuant to 28 U.S.C. § 1404(a).

Many or all of these defendants joined in a motion to sever Plaintiffs' claims against each individual defendant into separate actions. (*See* Dkt. No. 326.) However, this Court recently denied defendants' motion to sever, finding that joinder was proper as to all of the defendants. (*See* Dkt. No. 646.)

## II. LEGAL STANDARD

A district court can dismiss a case if venue is brought in the wrong division or district. *See* 28 U.S.C. § 1406(a). In a civil action wherein jurisdiction is founded only on diversity of citizenship, venue may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *quoting Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id.* at 314 (*citing Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the moving party bears the burden of showing "good cause," which the Court explained is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient." *Id.* at 315.

The Court noted however that the relevant factors to be considered in ruling on a 1404(a)

motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (*citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* at 315. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (*citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id*. (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id*. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*.

### III. DISCUSSION

#### A. Improper Venue

Seven defendants filed motions to dismiss Plaintiffs' claims against them for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). (*See* Dkt. Nos. 297, 300, 303, 304, 305, 328, and 333.)[1] These motions were expressly made subject or conditional to Defendants' motion to sever, which was recently denied by this Court. In general,

---

[1] In the alternative, Defendants Dan A. Hughes Company, L.P. and Abraxas Petroleum Corporation seek to transfer venue to different districts (Dkt. Nos. 328 and 333), but have also filed separate motions seeking transfer. (*See* Dkt. Nos. 330 and 334.) The portions of their dismissal motions seeking to transfer venue are denied for the same reasons as their separate motions to transfer venue are denied, as discussed below.

these defendants argue that venue is improper in the Eastern District of Texas against them because a substantial portion of Plaintiffs' claims did not occur in this District with respect to the moving defendants. Specifically, these defendants allege that they do not reside in the Eastern District of Texas, that no gas or oil was produced by them in this District, that all of the business decisions and tax refund actions by them were made in another district, and that all of the events or omissions giving rise to the Plaintiffs' claims with respect to them occurred outside the Eastern District of Texas.

Plaintiffs argue that because these motions were subject to the court granting Defendants' motion to sever and that the Court has already denied that motion, these motions should be summarily denied. Plaintiffs argue that the vast majority of the 117 defendants in this action assume venue is proper in this District and only seven of the defendants moved to dismiss for improper venue. Plaintiffs further argue that venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391(a) because at least one defendant resides in this District and all of the defendants reside in the state of Texas.

The Court is not persuaded by defendants' arguments. The Court has previously denied Defendants' motion to sever, and the defendants' motions make it clear that they moved to dismiss for improper venue to the extent the Court granted their motion to sever. There is no dispute that some defendants have principal places of business in the Eastern District of Texas and that many more defendants are subject to personal jurisdiction in this District or otherwise reside in this District. Thus, the Court finds that venue is not improper as to the defendants in this case. *See* 28 U.S.C. 1391. The Court therefore DENIES defendants' motions to dismiss for improper venue.

### B. Change of Venue

Various groups of defendants have joined together to file nine separate motions to transfer venue based upon 28 U.S.C. § 1404(a). (*See* Dkt. Nos. 240, 293, 294, 306, 311, 325, 330, 334, and 379.) In their respective motions, defendants argue that Plaintiffs' claims against either an individual defendant or group of defendants should be transferred to another district. In general, defendants argue that none of the Plaintiffs reside in the Eastern District of Texas, only a few of the 117 defendants reside in the Eastern District of Texas, the remaining defendants are spread out around Texas and in various other states, and that with respect to each defendant or group of defendants a different venue is more convenient.

Plaintiffs argue that unless the Court grants Defendants' motion to sever, which the Court has since denied, all of defendants' arguments are effectively moot. Specifically, Plaintiffs argue that defendants have not shown that a transfer is more convenient as to all of the parties, rather than to an individual defendant or a selected groups of defendants, and thus defendants' motions fail to comply with the requirements of § 1404(a). Plaintiffs argue that § 1404(a) authorizes the transfer only of an entire action and not of individual claims within that action, and that unless the Court severs this lawsuit into numerous actions defendants' motions should be denied. Defendants argue that the nine motions to transfer do not depend on whether this Court grants Defendants' motion to sever. Further, defendants argue that case law recognizes that some, but not all, defendants may move to transfer venue and that the Court may sever claims against those defendants to facilitate transfer.

In their motions to transfer, defendants have sought transfer to the Southern District of Texas, the Northern District of Texas, the Western District of Texas, and the Western District of Oklahoma, including seeking to transfer within different divisions of those districts. Further,

there are numerous defendants who have not joined in these motions to transfer with principal places of businesses located in still different locations, including defendants located in the Eastern District of Texas. Rather than having all of these claims be tried in one court, defendants seek to have these claims tried in at least eight distinct venues.[2] Thus, defendants implicitly agree than venue is not more proper or more convenient in one of the proposed transferee courts as to all defendants. None of the nine transfer motions discuss, let alone demonstrate, that the venue being sought is more convenient for all parties, including their non-joining co-defendants. Each of these motions to transfer venue ask the Court to consider convenience in a vacuum, as if the other defendants were not parties to this case. For example, the defendants seeking to transfer this case to Houston do not demonstrate why such a transfer would be more convenient for the defendants seeking to transfer this case to Midland or even Oklahoma.

As demonstrated below, the Court has reviewed the factors that must be considered and weighed to determine a ruling on these motions to transfer venue. The Court finds that the defendants have failed to show that one of the proposed transferee venues is more convenient than the venue chosen by the Plaintiffs. The Court has previously denied Defendants' motion to sever, and the Court will not sever the Plaintiffs' claims to facilitate transfer to numerous different venues for at least those reasons stated in that order. Thus, defendants' motions to transfer venue are denied.

1.  **Plaintiffs' Choice of Forum**

In *Volkswagen*, the Fifth Circuit addressed the weight to be given to the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*. In this case, Plaintiffs chose to bring

---

[2] Defendants are asking the Court to transfer portions of this case with respect to certain defendants to courts located in Houston, Fort Worth, Midland, Oklahoma, Dallas, Corpus Christi, and San Antonio, with the remaining portions of this case remaining in Marshall.

the suit in the Marshall Division of the Eastern District of Texas. The vast majority of defendants in this case are located in the State of Texas and some of the defendants have principal places of business in the Eastern District of Texas. Although none of the currently named Plaintiffs is located in the Eastern District of Texas, the putative class, if certified, will likely have a substantial number of individuals residing in the Eastern District of Texas.

Defendants have failed to show why transfer to any one venue would be for the convenience of all parties in this case. Instead, defendants cannot agree on a single venue to address Plaintiffs' claims, have filed nine separate motions to transfer venue, and seek to have Plaintiffs' claims tried in at least eight different venues by having the court sever those claims with respect to the transferred defendants. Thus, defendants implicitly agree than venue is not more proper or more convenient in any one court as to all defendants. The Court has previously denied Defendants' motion to sever and will not sever the Plaintiffs' claims to facilitate transfer to numerous different venues for at least those reasons stated in that order. Further, the Court finds that defendants have not shown that any one venue is clearly more convenient for all parties than the Plaintiffs' chosen forum. Therefore, the Court finds that this factor weighs against transfer.

### 2. Private Factors

#### a. Convenience of the parties and witnesses and costs of attendance for witnesses

The Court will first assess the convenience of the parties involved. The vast majority of defendants are located in the State of Texas and some of the defendants have principal places of business in the Eastern District of Texas. The named Plaintiffs reside in the Northern District of Texas, the Western District of Texas, the Southern District of Texas, and districts outside of Texas. Although none of the named Plaintiffs is located in the Eastern District of Texas, the

putative class, if certified, will likely have a substantial number of individuals residing in the Eastern District of Texas. Defendants cannot agree on a single venue to address Plaintiffs' claims, have filed nine separate motions to transfer venue, and seek to have Plaintiffs' claims tried in at least eight different venues. Defendants have failed to show why transfer to any one venue would be in the convenience for all of the parties in this case. Instead, defendants argue that for certain defendants one venue will be more convenient and for other defendants another venue will be more convenient. The Court finds that any one venue is not more convenient for all parties than this District.

Next, the Court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* With any of the proposed venues, some witnesses will have to travel further than other witnesses, and this District is just as convenient to all the witnesses as to any one venue. Defendants have failed to show why transfer to any one venue would be in the convenience for all of the witnesses in this case. Instead, defendants argue that for certain defendants' witnesses one venue will be more convenient and for other defendants' witnesses another venue will be more convenient. As with the convenience of the parties, the Court finds that any one venue is not more convenient for all witnesses than this District.

Therefore, the Court finds that this factor does not favor a transfer of this case.

### b. The relative ease of access to sources of proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Defendants cannot agree on a single venue to address Plaintiffs' claims, have filed nine separate motions to transfer venue, and seek to have Plaintiffs' claims tried in at least eight different venues. Defendants have failed to show why transfer to any one venue provides easier access to the sources of proof in this case. Instead, defendants argue that for certain defendants' proof one venue will be more convenient and for other defendants' proof another venue will be more convenient. Therefore, this factor does not favor a transfer of this case.

### c. The availability of compulsory process to secure the attendance of witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. With any of the proposed venues, a court is just as likely to have subpoena power over some witnesses and not over some of the other witnesses. Defendants have failed to show why transfer to any one venue provides greater availability of compulsory process to secure the attendance of witnesses in this case. Instead, defendants argue that for certain defendants' witnesses one venue can exercise subpoena power and for other defendants' witnesses another venue can exercise subpoena power. Therefore, this factor does not favor a transfer of this case.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

The Court is unaware of any practical problems that would arise from transferring or retaining this case. Defendants have failed to show why transfer to any one venue would be more practical in this case. Therefore, the Court finds this factor is neutral as to transfer.

### 3. Public Interest Factors

#### a. The administrative difficulties flowing from court congestion

The Court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Defendants have failed to show why transfer to any one venue would provide less administrative difficulties in this case. Therefore, the Court finds this factor is neutral as to transfer.

#### b. The local interest in having localized interests decided at home

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Courts may look to where the accident occurred, where the witnesses live, where the evidence is located, where the parties live, and where the vehicle was purchased. *Id.* The vast majority of defendants are located in the State of Texas and some of the defendants have principal places of business in the Eastern District of Texas. Although none of the currently named Plaintiffs are located in the Eastern District of Texas, the putative class, if certified, will likely have a substantial number of individuals residing in the Eastern District of Texas. Defendants have failed to show why transfer to any one venue would provide more local interest in this case. Instead, defendants argue that for certain defendants one venue has more local interest and for other defendants another venue has more local interest. Therefore, this factor does not favor a transfer of this case.

### c. The familiarity of the forum with the law that will govern the case

Each of the proposed transferee forums is familiar with the law that could govern this case. This Court is familiar with that law as well. Therefore, the Court finds this factor to be neutral as to transfer.

### d. The avoidance of unnecessary problems of conflicts with laws

The Court finds that this factor is inapplicable in this transfer analysis.

## IV. CONCLUSION

The Court has carefully reviewed the facts and applicable law regarding certain defendants' motions to dismiss because of improper venue. The Court is not persuaded by defendants' arguments. The Court has previously denied Defendants' motion to sever, and the defendants' motions make it clear that they moved to dismiss for improper venue to the extent the Court granted the motion to sever. There is no dispute that some defendants have principal places of business in the Eastern District of Texas and that many more defendants are subject to personal jurisdiction in this District or otherwise reside in this District. Thus, the Court finds that venue is not improper as to the defendants in this case. *See* 28 U.S.C. 1391. The Court therefore DENIES defendants' motions to dismiss for improper venue. (*See* Dkt. Nos. 297, 300, 303, 304, 305, 328, and 333.)

The Court has carefully reviewed the facts and applicable law regarding certain defendants' motions to transfer venue. The Court has balanced all of the relevant factors. The Court finds, based on the consideration of both private and public interest factors in this case, that the proposed transferee forums are not clearly more convenient than the Plaintiffs' forum choice. Defendants have failed to show why transfer would be in the convenience for all of the parties in this case. In their motions to transfer, defendants seek to have these claims tried in at

least eight distinct venues. By arguing that these claims should be transferred and tried in at least eight different courts, defendants implicitly agree that venue is not more proper or more convenient in any one court. None of the nine transfer motions discuss, let alone demonstrate, that the venue being sought is more convenient for all parties. The Court has previously denied Defendants' motion to sever, and the Court will not sever the defendants' claims to facilitate transfer to numerous different venues for at least those reasons stated in that order. The Court rules that because the defendants have failed to show that the transferee venues are more convenient than the venue chosen by the Plaintiffs, the Plaintiffs' choice of the Eastern District of Texas should be respected. *In re Volkswagen*, 545 F.3d at 314-15. The Court therefore DENIES defendants' motions to transfer. (*See* Dkt. Nos. 240, 293, 294, 306, 311, 325, 330, 334, and 379.)

It is so ORDERED.

SIGNED this 21st day of September, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE